[No. 18248. Department Two. February 21, 1924.]

WILLIAM G. SMITH, *Appellant*, v. J. D. BERGEVIN *et al.*,
*Respondents.*[1]

SCHOOLS AND SCHOOL DISTRICTS (53)—TEACHERS—REMOVAL—
BREACH OF CONTRACT—PLEADING AND EVIDENCE. In an action by a
school teacher for his wrongful removal, it is not error to allow
an affirmative answer setting up additional grounds for his re-
moval not presented before the board, where in his formal complaint
he materially extended the scope of the inquiry had before the
board.

SAME (53)—TEACHERS—REMOVAL—ACTIONS — EVIDENCE — BURDEN
OF PROOF. In an action by a school teacher for his wrongful re-
moval, maintained in place of an appeal to the county superin-
tendent on the ground that the latter was disqualified, the plain-
tiff has the burden of proof as to such disqualifiation before other
proof is offered.

SAME (51)—TEACHERS—REMOVAL—HEARING BEFORE BOARD—TRIAL
DE NOVO. In such an action, it is immaterial that the order of re-
moval complained of was irregular in that the members of the
school board were complainants, witnesses, and triers of the facts,
where, at the trial, plaintiff requested and was awarded a trial
de novo, and new evidence was received in addition to the evidence
before the board.

SAME (51, 53)—REMOVAL OF TEACHER—GROUNDS—EVIDENCE—SUF-
FICIENCY. In such an action, findings that the plaintiff's removal
was justified will not be disturbed upon conflicting evidence tending
to show plaintiff was unable to maintain discipline, was absent
without excuse, and had stated that he was temporarily unable to
perform his contract, and had failed to keep a school register re-
quired by law.

APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL. The denial of
a motion for new trial to present cumulative evidence rests in the
discretion of the trial judge.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered May 8, 1923,
dismissing an action to review an order of a school

[1] Reported in 223 Pac. 593.

board discharging a teacher, after a trial to the court. Affirmed.

*William G. Smith,* for appellant.

*Cary M. Rader* and *Sharpstein, Smith & Sharpstein,* for respondent.

MITCHELL, J.—William G. Smith entered into a written contract with school district No. 41 of Walla Walla county, as a teacher for a term of nine school months, commencing September 5, 1922. Trouble arose in his management of the school about the end of the fifth month, resulting in written charges against him signed by the school directors that were served on him, together with a notice to show cause why he should not be discharged and his contract terminated. At the hearing, the county superintendent of schools took an active part, together with the board, over the protest of Mr. Smith that the county superintendent had no jurisdiction over the hearing and did not constitute a member of the tribunal appointed by law to hear and dispose of the charges at that trial. His objection being overruled, he refused to put in any evidence, but did cross-examine the witnesses who testified in support of the charges. After the hearing, the board of directors notified him orally and in writing of their finding that he had violated the terms of his contract, which they declared to be terminated. He thereupon took the matter into the superior court upon formal complaint against the directors, upon which complaint, together with an answer thereto and a reply to affirmative matter in the answer, the case was tried. He has appealed from a judgment in favor of the board of directors.

The first assignment is that the court erred in denying a motion to strike a portion of the answer of the

respondents setting up an additional ground of violation of the teacher's contract over those mentioned in the original charges before the board. The appellant, however, in his complaint materially extended the scope of the inquiry as presented before the board of directors and asked in the alternative for a judgment for his salary or wages for the remainder of the nine months; and it may be mentioned in this connection that, in our opinion, there is entirely enough in this case to justify the judgment if that additional matter and the testimony supporting it be ignored altogether.

It is assigned that the burden of proof was erroneously placed on the appellant. As we understand the record the trial court held that, as no appeal had been taken to the county superintendent of schools from the order of the board, which it was alleged in the complaint had not been done for the reason that the superintendent of schools had become disqualified by active participation in the hearing before the board, it was necessary for the appellant to show that disqualification before other testimony would be allowed. That course was followed until the trial court announced it was satisfied, to which ruling neither party excepted. Thereupon the court announced that the parties could proceed as they pleased in the introduction of testimony. It is clear that the trial court was exceedingly liberal in permitting the introduction of testimony offered by both sides, so that the question after all is to determine the weight of the proof, the case having been tried without a jury.

Considerable complaint is made of the manner of the trial before the board, in that the members of it were complainants, witnesses and triers of the facts. But that has become immaterial now for the reason that, at the trial in the superior court, the appellant requested a trial *de novo,* which was consented to by

the respondents and allowed by the court. And further, upon motion of the appellant, to which no objection was made, a transcript of all the evidence before the board was introduced in evidence to be considered, and it was considered by the trial judge, together with the evidence of those who testified in the superior court. At the request of the appellant, all of the testimony given at the trial before the board and that given in the superior court has been certified to this court for the purposes of the appeal.

The principal contention of the appellant is upon the merits of the controversy. From an examination of the evidence it satisfactorily appears that for some time the discipline in appellant's school room was bad, not altogether the fault of the appellant at first. It continued to grow worse until the situation got beyond his control, resulting in formal charges, which were decided by the board against him. The hearing before the board was on Saturday, but about that time for at least a week appellant had taught school only one day, without any excuse to the directors or request for a substitute on other days. The students, upon attending a number of days, found the teacher absent, until within a few days quite a number of them did not attend school at all. The appellant explains that he did not attend school because the door was nailed. It was nailed only one night or day, as the directors testified, to protect property in the school room during the teacher's absence, there being no lock on the door. The appellant admits he was present at the school room after the nails were drawn, there being no students present. About that time the directors asked if he was going to carry out his contract, and their testimony was that his answer was that, temporarily, he was unable to do so, and they further testified that he would give no further or other assurance. The

testimony further shows that the appellant failed to keep a school register as required by his contract and the school law. Much of this testimony was disputed by the testimony on behalf of the appellant, but the trial judge had the witnesses before him and we are not disposed to disturb his decision.

Motion for a new trial presented nothing other than an offer to furnish evidence which apparently could have been furnished at the trial, and certain charges of misconduct on the part of respondent's witnesses in the court room during the trial, all of which were matters addressed to the discretion of the trial court in passing on the motion and do not merit overruling the order denying the motion.

Judgment affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.